UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL L. WINTERS,

             Petitioner,

     v.

JEFFREY MACOMBER, Secretary of California Department of Corrections and Rehabilitation ("CDCR"),

             Respondent.

Case No. 23-cv-06093-AMO (PR)

**ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

## I.  INTRODUCTION

Petitioner Paul L. Winters, a state parolee who is currently being held at Santa Rita Jail, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, representing himself.  He claims that his parole supervision period has been unlawfully extended.  The Court ordered Respondent to show cause why the petition should not be granted.  Respondent has filed a motion to dismiss the petition as unexhausted.[1]  Winters has filed an opposition in which he argues that Respondent's filing of the motion to dismiss was improper, and Respondent has filed a reply.  Dkts. 9, 10, 11.  Winters has also filed an unsolicited sur-reply.  Dkt. 12.

For the reasons outlined below, the Court **GRANTS** Respondent's motion to dismiss.

//

//

---

[1] In the alternative, Respondent argues that to the extent that Winters alleges errors of state law, such claims should be dismissed because "[f]ederal habeas corpus relief is not available for allegations of state law violations."  Dkt. 9 at 3 (citing 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 109 (1982)).

## II.     DISCUSSION

### A.     Winters's Argument That Filing of Motion to Dismiss Was Improper

Before turning to the merits of Respondent's motion, the Court first addresses Winters's argument that the filing of the motion to dismiss was improper because Respondent "fail[ed] to address the core issues raised in the petition." Dkt. 10 at 3.  Respondent's filing of the motion to dismiss was permissible.  *See White v. Lewis*, 874 F.2d 599, 600, 602-03 (9th Cir. 1989).  "While there may be circumstances where concerns about delay and efficiency militate in favor of ordering a full scale answer," the Rules Governing Habeas Corpus Cases in the U.S. District Courts and the advisory committee's notes thereto do not impose a " blanket bar against motions to dismiss without regard to their merit." *Id.* at 603.  The Court is receptive to a respondent raising threshold problems (such as lack of jurisdiction, failure to exhaust, improper venue, lack of custody, mootness, and untimeliness) by motion rather than in the answer because it often is a more efficient process for the litigants and the district courts.  When the Court sees a procedural problem in its initial review of a habeas petition, it often invites a motion to dismiss rather than an answer.  However, as here, there often is not enough information in the petition to alert the Court to the existence of a potential procedural problem and thus the Court issues an order to show cause why the writ should not be granted.  By doing so, the Court does not intend to preclude Respondent from moving to dismiss the petition for a threshold procedural problem.

### B.     Respondent's Motion to Dismiss

As mentioned, Respondent moves to dismiss the petition on the ground that Winters failed to exhaust his state court remedies.  Dkt. 9 at 1.

Before Winters may challenge either the fact or length of his confinement in a habeas petition in this Court, he must present to the California Supreme Court any claims he wishes to raise in this Court.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted).  The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted.  *Id.*  A fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g.*, *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district

United States District Court
Northern District of California

1    court determines that a habeas petition contains only unexhausted claims, it need not inquire

2    further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for

3    failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009) (affirming the

4    dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines*[2] stay is only

5    available for a mixed habeas petition where at least some claims have been exhausted, and none of

6    [petitioner's] habeas claims were exhausted").

7         In his opposition, Winters asserts that he presented his claims in the state superior court,

8    which "fully satisfies the requirement of presenting claims to 'any state court' when proof has

9    been submitted."  Dkt. 10 at 3; Ex. 3.  Meanwhile, Respondent disagrees and asserts that "Winters

10   must demonstrate that he presented his claim that [the] CDCR unlawfully extended his parole

11   supervision period to the California Supreme Court."  Dkt. 11 at 2 (citing *Larche v. Simons*, 53

12   F.3d 1068, 1071-72 (9th Cir. 1995) *overruled on other grounds by McMonagle v. Meyer*, 802 F.3d

13   1093 (9th Cir. 2015)).  The Court agrees with Respondent.  In order to exhaust, the State's *highest*

14   court must be given an opportunity to rule on the claims even if review is discretionary.  *See*

15   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner must invoke "one

16   complete round of the State's established appellate review process").  It thus appears that Winters

17   has presented a fully unexhausted petition.  Because Winters did not present his claims to the state

18   supreme court for review, either in a petition for review or in a state petition for a writ of habeas

19   corpus, his federal petition is unexhausted and must be **DISMISSED**.  Accordingly, the Court

20   **GRANTS** Respondent's motion to dismiss the petition as unexhausted.[3]  Therefore, the petition is

21   **DISMISSED**.  This dismissal is without prejudice to Winters returning to state court to exhaust

22   his state judicial remedies and then filing a new federal habeas corpus petition, should he need to

23   do so.  If he does, he is advised to file his new federal habeas corpus petition as soon as possible

24   after his state court proceedings have concluded.  The Court makes no ruling at this time on the

25   issue of the timeliness of any future federal petition.

26

27   [2] *Rhines v. Weber*, 544 U.S. 269 (2005).

28   [3] Because the Court has granted Respondent's motion to dismiss the petition as unexhausted, it need not address the alternative ground for dismissal.  *See* Dkt. 9 at 3.

United States District Court
Northern District of California

## III.    CONCLUSION

For the reasons above, the Court **GRANTS** Respondent's motion to dismiss the petition as unexhausted.  Dkt. 9.  The petition is **DISMISSED** without prejudice, and may be re-filed once the claims have been exhausted.

Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (outlining standard for COA).

The Clerk of the Court shall terminate all pending motions and close the file.

This Order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated:  December 30, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**